Anderson v AKAM Assoc., Inc.

2026 NY Slip Op 03056

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Charlotte Anderson, Plaintiff-Appellant,

v

AKAM Associates, Inc., et al., Defendants-Respondents, Bradhurst 100 Development LLC, et al., Defendants.

Decided and Entered: May 14, 2026

Index No. 159765/21|Appeal No. 6645-6646|Case No. 2025-05702, 2025-07068|

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, Rosado, JJ.

Charlotte Anderson, New York, appellant pro se.

Smith Buss & Jacobs LLP, New York (Jacqueline L. Aiello of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered September 15, 2025, which, to the extent appealed, granted defendants-respondents' motion to seal NYSCEF documents 175, 176, and 177, and denied plaintiff's motion to restore the case to the calendar and her cross-motion to disqualify defendants-respondents' counsel, unanimously affirmed, with costs. Order, same court and Justice, entered on or about October 31, 2025, which granted defendants-respondents' motion to enforce the parties' settlement agreement and direct plaintiff to sign the stipulation of discontinuance, and for attorneys' fees and sanctions, unanimously affirmed, with costs.

The court properly determined that defendants did not breach the confidentiality provision of the parties' settlement agreement, which was clear and unambiguous (see Dreisinger v Teglasi, 130 AD3d 524, 527 [1st Dept 2015]). The plain language of the agreement provides that the parties may disclose the terms of the agreement to "legal counsel" without limiting that term to the attorneys who represented defendants in the litigation of the parties' dispute. The agreement simply cannot be reasonably construed to bar defendants, a cooperative corporation and its board, from disclosing the agreement to the cooperative's general counsel. Nor has plaintiff identified any basis for us to find that the court abused its discretion in denying plaintiff's request to disqualify defendants' counsel (see Harris v Sculco, 86 AD3d 481 [1st Dept 2011]).

The court properly awarded attorneys' fees to defendants as the agreement provided for them in the event a party was required to enforce the agreement. Further, the imposition of sanctions against plaintiff was justified based on plaintiff's conduct, which included filing frivolous (and duplicate) motions and proceedings, and advancing arguments without legal or factual support (Rules of Chief Admr of Cts [22 NYCRR] § 130-1.1).

The court properly enforced the agreement to the extent of directing plaintiff to execute a stipulation of discontinuance, as she was contractually obligated to do so after receiving more than $200,000 in settlement payments. Even if defendants did breach the confidentiality agreement, which we have found they did not, such was not a material breach that would have excused plaintiff's performance (cf. Feldmann v Scepter Group, Pte. Ltd., 185 AD3d 449, 450 [1st Dept 2020]). The court's decision to enforce the agreement was not in conflict with its decision to deny restoration of the action (see Teitelbaum Holdings v Gold, 48 NY2d 51, 55-56 [1979]).

We have considered plaintiff's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026